Chief Justice Bibb
delivered the Opinion of the full Court, overruling the motion for the re-hearing.
The opinion of the court heretofore delivered by two of the judges of the court, gives a correct history of the proceedings in the several cases refered to A petition for a rehearing has been presented, expressing a desire to have the cause heard by the whole of the judges. That petition has been considered by the whole court.
The bill of Sebree vs White, Castleman, &c. to rescind the contract of sale of the house and Jot by White to Sebree, and for injunction against the judgment at law, did not ask that Caldwell’s heirs or Ratcliffe’s heirs should be parties, no process was sued by Sebree against them, no process was prayed against them, no proceeding whatever was taken by Sebree against them; the order of July, 1822, appointing Hawkins guardian ad litem. for the infant heirs of Ratcliffe must be taken to have been at the suit of White and Castleman, who had made them defendants to their bill.
That vendee was unable to execute a sale he had made of the estate, and his vendee had, for that cause, obtained a decree of rescission, is ground for resisting a decree for specific performance of his contract of purchase.
The bill of Thomas Long and Caldwell’s heirs as complainants, was exhibited on the 8th of June, 1822 against White, and against Ratcliffe’s heirs; but to that bill Sebree was never made a At the time that Caldwell’s heirs exhibited their bill in June, 1823, the suit of Sebree was pending, and yet Caldwell’s heirs did not choose to make Sebree a party. Long before the answer of Caldwell’s heirs to the. bill of White and Castleman vs Caldwell’s heirs. Batcliffe’s heirs and Long, was filer, which was in July, 1825, Sebree bad obtained a final decree against White and Castleman to rescind the contract, and for repayment of that part of the purchase money which Sebree bad paid to them, and for a perpetual injunction against the assignees of White and Castleman, who had obtained the judgment at law against Sebree, In 1822 Sebree’s bill was finally decreed upon Sebree was no party to the. bill by Caldwell’s heirs against White, &c. for a specific execution; the decree in that case is the only one now before this court for revision, and Sebree is not before the court. It was near four years after Sebree’s bill was finally disposed of and decreed, before Caldwell’s heirs brought their bill to a hearing, and by their appeal from the decree of 1826, Sebree is not brought before this court, far he was no party to that suit.
The petition supposes that the proceedings anti decree in the case of Sebree vs White and Castleman, ought to be disregarded and put out of view in this case. That cannot be; White, in his answer to the bill of Caldwell’s heirs, relies upon it, refers to it, and pleads it as a cause why the prayer of the bill by Caldwell’s heirs should not be granted. He insists on the great damage which has resulted from that proceeding, and the decree for rescinding that sale, as cause why he should not be compelled now to a specific execution from Caldwell’s heirs, inasmuch as that inconvenience and damage was the result of the failure of Caldwell and his heirs to perform the contract of sale to White and Castleman, and therefore imposed upon them the necessity of a *578 failure in their contract with Sebree. That suit and decree therefore, cannot be disregarded in this suit; it constitutes a part of White’s defence, the truth of that defence is proved by the record referred to and exhibited, and that record is unquestionable evidence that such proceeding and such decree was had at the instance of Sebree.
Vendor, under the circumstances here, ought to have made the purchaser of his vendee a party to his bill.
Lapse of time not excused, and rescission of the vendee’s sale for want of the title, sufficient grounds against the execution of his contract of purchase.
Whatever might have been the claim of the complainants, the heirs of Caldwell, to have a specific execution against White and Castleman, if Sobre had not rescinded his purchase of White and Castleman, yet that proceeding cannot be overlooked nor disregarded by a court of equity in Hie consideration of the bill of t aide oil’s heirs. It was an oversight in Caldwell’s heirs not to have made Sebree a party to their bill, not to have asked the court that Sebree be compelled to accept the title. The pendency of Sebree’s bill they were hound to notice. It was in full and vigorous prosecution when they exhibited their bill against White and the other defendants in this cause. The very subject of their bill, and the possession of Sebree and the pemieney of his bill to rescind the contract and throw the house and lot back to White and Castleman, led to a knowledge of the circumstances, and imposed on Caldwell’s heirs a duty to interpose and endeavor to protect White and Castleman against the injurious effects and consequences of the default of their ancestor.
Although the chancellor will relieve against mere lapse of time, and decree specific execution notwithstanding yet so important a damage as that resulting to While and Castleman, from the failure of Caldwell to complete his contract of sale in time, as the loss of the resale by White and Castleman to Sebree, the refunding of the purchase money received by term from Sebree, the perpetual injunction against the judgment at law, by the assignee of the note of Sebree to White and Castleman, whereby they are subjected to the decree in favor of the assignees Gill and company, must have a very serious consideration in this cause. And when it is connected the fact than with the fact, that the loss not before the court, and therefore, that, the loss and damage to *579 White and Castleman on that behalf, is beyond the control of the court in this suit; it forms an insuperable obstacle to the decree against White and Castleman, sought by Caldwell’s heirs. It is not lapse of time, without injury from the delay, which the chancellor is asked to relieve against, but lapse of time, long and unexcused, connected with a damage irreparable.
Objection on the grounds of decree of improvements and fall in the price of the property, answered.
Darby for appellant; Crittenden and White for appellee.
The depreciation of the value of the property has been by the general fall of the prices of property in the country, and by the natural decay of the house by time, not by any waste The alteration in the house alluded to in the bill, turns put in evidence, to be a portico added; an addition, an improvement, not waste and damage. For natural wear by time and use and occupation, the rents must he considered as a fair compensation. It is then snore proper that this depreciation should fall upon Caldwell’s heirs, by the default of whose ancestor, Sebree has escaped from his purchase of White and Castleman, than that it should, by the chancellor, be thrown upon White and Castleman. Caldwell and his heirs must sustain the loss and consequences which have resulted to White and Castleman from the sloth, neglect and supineness of their ancestor and themselves.
The petition is overruled, and the decree of this court must stand unaltered.